IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FRANKLIN AUGUSTO DORANTE MOLLEDA**                                **PETITIONER**

**v.**                                                                                      **CIVIL ACTION NO. 5:20-cv-53-KS-MTP**

**WARDEN SHAWN R. GILLIS**                                                      **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Respondent's Motion to Dismiss [5]. On March 3, 2020, Petitioner filed a Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241, asserting that he had been detained in immigration custody in excess of six months. Petitioner seeks release from immigration custody.

On March 27, 2020, Respondent filed the instant Motion [5] arguing that the Petition [1] should be dismissed as moot because Petitioner was released from immigration custody under an order of supervision on March 11, 2020. *See* Order of Supervision [5-1]. Petitioner did not respond to the Motion [5].

As the Petitioner has been granted the relief he sought in his Petition—his release from immigration custody—the Petition is now moot. *See Sanchez v. Attorney General*, 146 Fed. App'x 547, 549 (3rd Cir. 2005) (holding that release of alien from immigration custody rendered his habeas petition moot); *Egoroff v. Clark*, 2010 WL 4056065, at *3 (W.D. Wash. Aug. 26, 2010) ("Because petitioner has received the relief sought in his habeas petition—a bond hearing which resulted in his being granted release under bond in the amount of $30,000—his petition is now moot and should be dismissed."). The Petition [1] no longer presents a live case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution. Therefore, it should be dismissed as moot.

## RECOMMENDATION

For the reasons set forth herein, the undersigned recommends that the Motion to Dismiss [5] be GRANTED and the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 15th day of April, 2020.

> s/Michael T. Parker
> UNITED STATES MAGISTRATE JUDGE